IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VICTORIA M. SEBETICH<br><br>Plaintiff,<br><br>vs.<br><br>JAMES ROBERT NAKI,<br><br>Defendant. | CIVIL NO. 24-00514 JAO-RT<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, ECF NO. 26** |

**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, ECF NO. 26**

Before the Court is pro se Plaintiff Victoria M. Sebetich's ("Plaintiff") "Objection to Magistrates Report and Recommendation Denying Plaintiffs Request for Entry of Default & Motion for Default Judgment," ("Objection"). ECF No. 27. For the following reasons the Court rejects Plaintiff's Objection and ADOPTS the Findings & Recommendations (ECF No. 26).

## I.   BACKGROUND

Plaintiff initiated this purported quiet title action against Defendant James Robert Naki ("Defendant") on December 4, 2024. ECF No. 1. In January and March 2025, Magistrate Judge Rom Trader cautioned Plaintiff about failing to serve Defendant the Complaint, *see* ECF No. 10, and extended the deadline for service given Plaintiff's pro se status, *see* ECF No. 11. In April and June 2025,

Judge Trader again extended Plaintiff's deadline for service. *See* ECF Nos. 13, 15. Eventually, Plaintiff filed a proof of service indicating that Plaintiff's daughter personally served Defendant on June 20, 2025. *See* ECF No. 17-2. Nineteen days after being served, Defendant filed his "Answer," which appears to be an incomplete pro se form answer. *See* ECF No. 20; *see also* ECF No. 21 (Judge Trader's description of the answer). Two days later, on July 11, 2025, Plaintiff simultaneously filed a Request for Entry of Default, ECF No. 24, and a Motion for Default Judgment, ECF No. 25.

On July 14, Judge Trader denied the Request for Entry of Default because Defendant had timely filed an Answer, and recommended that the Court deny the Motion for Default Judgment because Plaintiff had not first secured entry of default. *See* ECF No. 26. Plaintiff filed her Objection the next day on July 15. ECF No. 27.

## II.     LEGAL STANDARD

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and

recommendations de novo *if objection is made*, but not otherwise."). Under a de novo standard, there is no deference to the lower court's ruling; rather, the Court "freely consider[s] the matter anew, as if no decision had been rendered below." *Dawson v. Marshall*, 561 F.3d 930, 933 (9th Cir. 2009) (alteration in original) (quotations omitted); *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006).

## III.  DISCUSSION

Plaintiff's objection is somewhat difficult to understand, but as she's proceeding pro se, the Court will construe it liberally. First, she appears to argue that Defendant has failed to timely plead because his Answer is incomplete. *See* ECF No. 27 at 4–5. But Judge Trader correctly observed that "Defendant filed his Answer 19 days after being served on 6/20/25, thus, his Answer, complete or not, is timely filed." ECF No. 26 (italics omitted). Because Defenant timely filed an answer, entry of default is inappropriate. To the extent Plaintiff is challenging the lack of content in the Answer, an entry of default is not the proper mechanism.[1]

Plaintiff then argues the merits of her case in urging the Court to reverse Judge Trader's denial of the Motion for Default Judgment. *See* ECF No. 27 at 7–8. Because she has not obtained entry of default, however, her Motion for Default

---

[1] The Court notes that pleadings may be amended, meaning Defendant's Answer may not be his final pleading on the matter. *See* Fed. R. Civ. P. 15.

3

Judgment is procedurally improper and must be denied. *See Ramsey v. Hawaii*, 2020 WL 5754010, at *1 (D. Haw. Sept. 2, 2020), *report and recommendation adopted as modified*, 2020 WL5753965 (D. Haw. Sept. 25, 2020) (citing *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009)).

The Court thus rejects Plaintiff's Objection and ADOPTS the Findings & Recommendations.

## IV. CONCLUSION

For the foregoing reasons, the Court rejects Plaintiff's Objection, ECF No. 27, and ADOPTS the Findings & Recommendations, ECF No. 26.

IT IS SO ORDERED.

DATED:   Honolulu, Hawai'i, July 16, 2025.



Jill A. Otake
United States District Judge

CV 24-00514 JAO-RT, *Sebetich v. Naki*; ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, ECF NO. 26